FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA
2024 SEP 30 PM 4: 21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

Abigail Lauters, Mary Leask,  )
Phillip Thompson,  )
Anthony Lauters,  )
and Tre'Velle Ellis,  )
 )
       Plaintiffs,  )
 )
       *v.*  )
 )  Civil Action No. _ **4:24cv 3175**
NEBRASKA SECRETARY OF STATE,  )         **JMG/MDN**
Robert B. Evnen, in his official capacity,  )
 )
NEBRASKA ELECTIONS DIVISION,  )
Deputy Secretary of State for Elections,  )
Wayne Bena, in his official capacity, and  )
Assistant Deputy for Elections, Andrew  )
Buller, in his official capacity,  )

       *Defendants.*

## VERIFIED COMPLAINT

Plaintiffs Pro Se Abigail Lauters, Mary Leask, Phillip Thompson, Anthony Lauters, and Tre'Velle Ellis, file their verified complaint respectfully requesting entry of a declaratory judgment and other relief pursuant to 42 U.S.C. § 1983 against Defendants Nebraska Secretary of State ("NESOS"), Robert B. Evnen, Nebraska Elections Division ("NEED"), Deputy Secretary of State for Elections, Wayne Bena, and Assistant Deputy for Elections, Andrew Buller ("Members") in their official capacities at the NESOS and NEED, and in support state as follows.

## Nature of the Case

1.      This is an action seeking relief through 42 U.S.C. § 1983 for violations of Plaintiffs' First and Fourteenth Amendment rights by the Defendants, all of whom are state actors that have unlawfully rejected from the November 5, 2024 general election ballot Plaintiffs and one other independent presidential elector candidates (hereinafter collectively known as "Elector Candidates") who filed nomination petitions ("Nomination Papers") to be Electors of the President and Vice President of the United States for pledged independent candidate for President Dr. Shiva Ayyadurai, who is a resident and voter in the State of Massachusetts, and pledged independent Vice-President candidate, Crystal Ellis, who is a resident and voter in the State of Nebraska (together "Pledged Candidates" or "Dr.SHIVA"), to be voted upon at the November 5, 2024 general election.

2.      The Defendants accepted Plaintiffs and Elector Candidates' Nomination Papers and all requirements for Elector Candidates on the Nebraska ballot for the Office of Elector on August 1, 2024, and then, over a month later, on September 10, 2024, long after the deadline - which is seven (7) days from filing day of the August 1, 2024 - for any office to file an objection to Plaintiffs and Electoral Candidates' Nomination Papers, Defendants arbitrarily and capriciously rejected Plaintiffs and Elector Candidates from Nebraska ballot by asserting the lack of "qualifications" of the Pledged Candidate for President, who is not a candidate for any office in the State of Nebraska; however, as will be explained *infra*, Defendants lack statutory authority that confers subject matter jurisdiction over the Nomination Papers and lack personal jurisdiction over Plaintiffs and the one other

2

Elector Candidate as well, since the Elector Candidates were neither named in any notice or rejection as the parties being rejected off the ballot nor were Plaintiffs and Elector Candidates served with any proper notice that fully stated the nature of a rejection against Plaintiffs and Nebraska residents that sought ballot access as Elector Candidates.    Pursuant to Nebraska Election Code *Neb. Rev. Stat. § 32-620(3)(b)* (with emphasis added):

Neb. Rev. Stat. § 32-620(3)(b)

> (b) Such petitions shall conform to the requirements of section 32-628 and shall be filed with the **Secretary of State by August 1** in the year of the presidential general election.

> (3) Candidates for the offices of President and Vice President of the United States of nonpartisan status may obtain general election ballot position by filing with the Secretary of State: (b) A petition signed by not less than two thousand five hundred registered voters. Such petitions shall conform to the requirements of section 32-628 and shall be filed with the **Secretary of State by August 1** in the year of the presidential general election.

3.    Plaintiffs respectfully request a declaratory judgment regarding the jurisdiction of the Defendants to take action in relation to Plaintiffs' Nomination Papers, and preliminary and permanent injunction orders against the Defendants to: (a) nullify the Defendants' decision on the removal of Elector Candidates from the ballot, and (b) enjoin Defendants' from printing ballots for the November 5, 2024 general election based on the defective decision rendered by Defendants upon a party i.e. Pledged Candidate for President, upon whom Defendants have neither subject matter nor personal jurisdiction over.

## Parties

4.    Plaintiff Pro Se Abigail Lauters is a Nebraska Congressional District 3 resident and voter residing in Nebraska, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

5.    Plaintiff Pro Se Mary Leask is a Nebraska Congressional District 2 resident and voter residing in Nebraska, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

6.    Plaintiff Pro Se Phillip Thompson is a Nebraska Congressional District 1 resident and voter residing in Nebraska, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

7.    Plaintiff Pro Se Anthony Lauters is a Nebraska Congressional District 3 resident and voter residing in Nebraska, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

8.    Plaintiff Pro Se Tre'Velle Ellis is a Nebraska Congressional District 2 resident and voter residing in Nebraska, and is a candidate for the federal office of "Elector of President and Vice-President of the United States" as defined in the U.S. Constitution, Art. II, Sec.

9.    Plaintiffs aforementioned in (4-8) and are the independent presidential Electors who have pledged their Electoral College votes to Dr. Shiva

4

Ayyadurai for President and Crystal Ellis for Vice President should Plaintiffs and the other Elector candidates be elected by Nebraska voters at the general election on November 5, 2024.

10.    Plaintiffs are 5 of the 5 independent presidential candidates for the federal office of "Elector for President and Vice President of the United States" (herein referred to as "5 Elector Candidates") and in addition, Plaintiffs were circulators of voter-signed petition sheets gathered for the purpose of gaining ballot access for the following slate of Nebraska residents as Elector candidates at the November 5, 2024 general election:

**List of Nebraska Residents Who Are Candidates for Office of Electors of President and Vice President of the United States pledged to Dr.SHIVA**

**CONSENT TO BE A PRESIDENTIAL ELECTOR**

RECEIVED

AUG 0 1 2024

SECRETARY OF STATE
ELECTIONS DIVISION

Nebraska – At Large

I, _Anthony M. Lauters_ , residing at _127 E 14th St, Hastings, NE, 68901_
(Name of Presidential Elector)                                    (Address, City, State, and Zip Code)

consent   to   be   a   presidential   elector   in   the   state   of   Nebraska   for
_Shiva Ayyadurai_ ,   for   the   General   Election
(Name of Presidential Candidate)

to be held on _5_ , _November_ , _2024_ .
(Day)    (Month)    (Year)

_Anthony M. Lauters_ _____    _7-18-24_
(Signature of Presidential Elector)                (Date)

Neb. Rev. Stat. §32-620 and §32-633

---

COPY

**CONSENT TO BE A PRESIDENTIAL ELECTOR**

RECEIVED

AUG 0 1 2024

SECRETARY OF STATE
ELECTIONS DIVISION

Nebraska - Congressional District 1

I, _Philip J. Thompson_ , residing at _1013 Fenwick Street  Papillion, NE 68046_
(Name of Presidential Elector)                                    (Address, City, State, and Zip Code)

consent to be a presidential elector in Nebraska's First Congressional District for
_Shiva Ayyadurai_ ,   for   the   General   Election
(Name of Presidential Candidate)

to be held on _5_ , _November_ , _2024_ .
(Day)    (Month)    (Year)

_____    _7/24/24_
(Signature of Presidential Elector)                (Date)

Neb. Rev. Stat. §32-620 and §32-633

---

**CONSENT TO BE A PRESIDENTIAL ELECTOR**

RECEIVED

AUG 0 1 2024

SECRETARY OF STATE
ELECTIONS DIVISION

Nebraska - Congressional District 2

I, _Tre'Velle Michael Ellis_ , residing at _11909 N 58th St. Omaha, NE 68152_
(Name of Presidential Elector)                                    (Address, City, State, and Zip Code)

consent to be a presidential elector in Nebraska's Second Congressional District for
_Shiva Ayyadurai_ ,   for   the   General   Election
(Name of Presidential Candidate)

to be held on _5_ , _November_ , _2024_ .
(Day)    (Month)    (Year)

_Tre'Velle M. Ellis_ _____    _7/30/24_
(Signature of Presidential Elector)                (Date)

Neb. Rev. Stat. §32-620 and §32-633

6

RECEIVED

AUG 0 1 2024

**(RE)COPY**

CONSENT TO BE A PRESIDENTIAL ELECTOR

SECRETARY OF STATE
ELECTIONS DIVISION

Nebraska – At Large

I, _Mary L. Leask_ , residing at _7605 Pasadena Ave Omaha, NE 68124_
(Name of Presidential Elector)            (Address, City, State, and Zip Code)

consent to be a presidential elector in the state of Nebraska for
_Shiva Ayyadurai_ , for the General Election
(Name of Presidential Candidate)

to be held on _5_ , _November_ , _2024_ .
(Day) , (Month) (Year)

_Mary L. Leask_                    _7/21/2024_
(Signature of Presidential Elector)        (Date)

Neb. Rev. Stat. §32-620 and §32-633

11.    Each of the foregoing 5 Elector Candidates is equally subjected to the same denial of First and Fourteenth Amendment rights by the Defendants, and to the same degree as Defendants are denying these rights to Plaintiffs; the harm suffered by Plaintiffs is being suffered equally by all 5 Elector Candidates.

12.    Defendant NESOS and NEED maintain an office in the State of Nebraska.

13.    Defendant Robert B. Evnen is the current Secretary of State for the State of Nebraska, and is named in his official capacity as the Nebraska Secretary of State. Defendant maintains offices in Nebraska.

14.    Defendant Wayne Bena is the current Deputy Secretary of State for Elections for the state of Nebraska Elections Division and is named in his official capacity as a staff member of the Nebraska Secretary of State. Defendant maintains offices in Nebraska.

7

15.    Defendant Andrew Buller is the Assistant Deputy for Elections for the state of Nebraska Elections Division and is named in his official capacity as a staff member of the Nebraska Secretary of State. Defendant maintains offices in Nebraska.

16.    By operation of the Nebraska Election Code, ***Neb. Rev. Stat. § 32-624.*** (emphasis added):

> **Candidate filing forms; objections; notice; actions authorized; filing officer; powers and duties**
> A candidate filing form which appears to conform with sections 32-606 and 32-607 <u>shall be deemed to be valid unless objections are made in writing within seven days after the filing deadline.</u> If an objection is made, <u>notice shall be mailed to all candidates who may be affected thereby</u>.

Neb. Rev. Stat. § 32-624.

> If an objection is made, <u>notice shall be mailed to all candidates who may be affected thereby</u>. Any political party committee may institute actions in court based upon fraud or crime resorted to in connection with the candidate filing forms or the acceptance of a nomination. <u>**No county committee shall have the authority**</u> to bring such action as to candidates for congressional or state office or as to candidates to be elected from legislative districts composed of more than one county. A state political party committee may institute actions to determine the legality of any candidate for a state or congressional office or for any district office if the district composes more than one county. Objections to the use of the name of a political party may also be made and passed upon in the same manner as objections to a candidate filing form or other acceptance of nomination.
> The filing officer with whom the candidate filing form was filed shall determine the validity of such objection, and his or her decision shall be final unless an order is made in the matter by a judge of the county court, district court, Court of Appeals, or Supreme Court on or before the fifty-fifth day preceding the election. Such order may be made summarily upon application of any political party committee or other interested party and upon such notice as the court or judge may require. The decision of the Secretary of State or the order of the judge shall be binding on all filing officers."

Neb. Rev. Stat. § 32-620(3)(b)

(3) Candidates for the offices of President and Vice President of the United States of nonpartisan status may obtain general election ballot position by filing with the Secretary of State: (b) A petition signed by not less than two thousand five hundred registered voters. Such petitions shall conform to the requirements of section 32-628 and shall be filed with the Secretary of State by August 1 in the year of the presidential general election.

17.    On September 10, 2024, Assistant Deputy for Elections, Andrew Buller from the NESOS and NEED without <u>due process owed to Plaintiffs and Elector Candidates</u> pursuant to Defendants' **own** written statute *Neb. Rev. Stat. § 32-624*, informed, not the Elector Candidates, but their Pledged Candidate for Vice President, via a phone call that he had sent a letter dated September 10, 2024 addressed to their Pledged Candidate for President, Dr. Shiva Ayyadurai, that their Pledged Candidate's name would be removed from the Nebraska ballot for him not being "naturally born." None of the other Plaintiffs nor Elector Candidates were served with any notice addressed to them that they were being removed from the ballot. The Defendants allege they sent the letter to Pledged Candidate for President Shiva Ayyadurai, a Massachusetts resident, upon whom Defendants have <u>no</u> subject matter or personal jurisdiction over that Plaintiffs and Elector Candidates were being rejected from Nebraska Ballot. At all times relevant to this action, all Defendants were engaged in state action and acting under color of state law.

18.    Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as for costs and attorney's fees under 42 U.S.C. § 1988(b).

## Jurisdiction

19.     Jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4) this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983 and 1988.

## Venue

20.     Venue is proper in this District under 28 U.S.C. 1391(b) because Defendants have an office and regularly convene every meeting in Nebraska.

## Relevant Facts

21.     Nebraska classifies general-election candidates into three groups: Political Party and New Party ("Primary") candidates. Political Party, Nonpartisan Status, New Political Party.

22.     Concerning the appointment of Electors of the President and Vice President of the United States, the U.S. Constitution creates and defines the **Electoral College as the (only) process by which each state's Electors vote by ballot to elect the President and Vice President of the United States, as follows:**

> The executive Power shall be vested in a President of the United States of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows
>
> Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.
>
> The Electors shall meet in their respective States, and vote by Ballot for two Persons, of whom one at least shall not be an Inhabitant of the same State with themselves. And they shall make a List of all the

10

Persons voted for, and of the Number of Votes for each; which List they shall sign and certify, and transmit sealed to the Seat of the Government of the United States, directed to the President of the Senate. The President of the Senate shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be counted. The Person having the greatest Number of Votes shall be the President, if such Number be a Majority of the whole Number of Electors appointed; and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately choose by Ballot one of them for President; and if no Person have a Majority, then from the five highest on the List the said House shall in like Manner choose the President. But in choosing the President, the Votes shall be taken by States, the Representation from each State having one Vote; A quorum for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall choose from them by Ballot the Vice President.

The Congress may determine the Time of choosing the Electors, and the Day on which they shall give their Votes; which Day shall be the same throughout the United States.

23.    No State may add qualifications beyond those stated in the U.S. Constitution for ballot eligibility of Nebraska Electors for the President and Vice President of the United States, and may not directly or indirectly infringe upon federal constitutional protections; see e.g., *United States Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827, 115 S.Ct. 1842, 1866 (1995).

24.    On August 1, 2024, Plaintiffs and 5 Elector Candidates jointly submitted over 4,136 signatures of Nebraska voters (of which 2,500 were required and 3,064 were verified and accepted) to qualify the 5 Elector Candidates as Nebraska independent Presidential Electors at the November 5, 2024 general election; the 5 Elector Candidates submitted Nomination Papers specifically for the

11

U.S. Constitutionally defined office of "Elector of President and Vice President of the United States." U.S. Const. Art. II, Sec. 1.

25.    The Nebraska Election Code requires the submission of at least 2,500 signatures in the aggregate from Nebraska voters. *Neb. Rev. Stat. § 32-620(3)(b)*

(b) A petition signed by not less than two thousand five hundred registered voters.

26.    On August 1, 2024, Plaintiffs and Elector Candidates fulfilled all obligations and requirements pursuant to the Nebraska Election Code and were in full compliance to be officially placed on the ballot to be Presidential Elector Candidates in the State of Nebraska under **the banner** of their Pledged Candidate "Shiva Ayyadurai":

27.    Pledged independent presidential candidate for President, Dr. Shiva Ayyadurai, is a resident and voter in the State of Massachusetts, and pledged independent presidential candidate for Vice-Presidential, Crystal Ellis is a resident and voter in the State of Nebraska (together "Pledged Candidates").

28.    On September 10, 2024, Assistant Deputy for Elections, Andrew Buller from the NESOS and NEED without <u>any due process owed to Plaintiffs and Elector Candidates</u> pursuant to Defendants' <u>**own**</u> written statutes, *Neb. Rev. Stat. § 32-624,* informed the Pledged Candidate for Vice President, Crystal Ellis via a phone call that she had sent a letter dated September 10, 2024 addressed to their Pledged Candidate for President, Dr. Shiva Ayyadurai, that their Pledged Candidate's name would be removed from the Nebraska ballot for him not being "naturally born." Dr. Shiva Ayyadurai is not running for any Office in the State of Nebraska, but who resides in Massachusetts from appearing on the Nebraska ballot; rather, Plaintiff Abigail Lauters and 4 other Elector Candidates, all residents of Nebraska, are running for the Office of Elector in the State of Nebraska. Dr. Shiva Ayyadurai is prohibited from running for such office since he does not meet the eligibility requirements to be an Elector Candidate from Nebraska.

29.    On September 10, 2024 Plaintiff Mrs. Abigail Lauters, one of the five Elector Candidates, contacted Mr Buller and requested to be given a status on verified counts of the Nomination Papers, in fact, Plaintiff Abigail Lauters had called every day for three (3) days, starting September 9, 2024 to September 11, 2024 and repeatedly requested a status of the Plaintiffs' filing submitted to Andrew

Buller from the Nebraska Elections Division. When Mrs. Lauters was speaking to Andrew Buller, Mr. Buller not only refused to update Elector Candidate Mrs. Lauters on September 10, but also directed his office to ignore Mrs. Lauters calls. In addition, one of the female staff told Mrs. Lauters that Mr. Buller directed to lie to Mrs. Lauters by stating "My instruction is that regarding this issue, all communications with you is to be done in writing or email, whether individuals are available to speak or not" Pledged candidate Crystal Ellis was witness to this statement made by the staff member. Furthermore, this staff member directed Mrs. Lauters that any questions that Mrs. Lauters must only be done only via email or through a public records request! The court must remember Mrs. Lauters was asking questions about the Nomination Papers she and her Plaintiffs had submitted.

30.    Andrew Buller refused to notify Mrs. Lauters and lied to her saying he had no answer yet, although he had already notified Crystal Ellis on September 10, 2024, via phone and email that he had removed Plaintiffs and Elector Candidats from the ballot.

31.    Neither Mrs. Lauters nor any of the other Plaintiffs nor Elector Candidates were served with any notice addressed to them that they were being removed from the ballot.

32.    The Defendants have alleged they sent the letter (below) to Pledged Candidate for President Shiva Ayyadurai, a Massachusetts resident, upon whom Defendants have <u>no</u> subject matter or personal jurisdiction over that Plaintiffs and Elector Candidates were being rejected from Nebraska Ballot.



## STATE OF NEBRASKA

**ROBERT B. EVNEN**
**SECRETARY OF STATE**

P.O. Box 94608
State Capitol, Suite 2300
Lincoln, NE 68509-4608
Phone: 402-471-2554
Fax: 402-471-3237
www.sos.ne.gov

September 10, 2024

Shiva Ayyadurai
69 Snake Hill Road
Belmont, MA 02478

Dear Dr. Ayyadurai:

On August 1, 2024, I received the Presidential Nonpartisan Affidavit, Consent to be a Vice Presidential Candidate, Presidential Electors, and candidate petition for the Shiva Ayyadurai presidential campaign. The petition has been reviewed and a sufficient number of valid signatures were collected for the petition.

However, it has come to my attention that you are not a natural-born U.S. citizen – a requirement to be President of the United States pursuant to Article II, Section 1, Clause 5 of the U.S. Constitution.[1]

*Clause 5 Qualifications*

*No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.*

Pursuant to Neb. Rev. Stat. § 32-801, the Secretary of State has the duty to certify the candidates, offices, and issues that appear on the state ballot. As the deadline for certifying the 2024 General Election ballot is September 13, 2024, I have not yet transmitted a certification of the candidates, offices, and issues that appear on the state ballot to each election commissioner or county clerk.

Additionally, the Secretary of State, pursuant to Neb. Rev. Stat. §§ 32-201 and 32-202, has the duty to decide disputed points of election law and to supervise the conduct of primary and general elections in this state. Part of my role in supervising the conduct of elections is to protect the integrity of the election process and to avoid voter confusion. The decisions of the Secretary have the force of law until changed by the courts.[2]

---

[1] *See* Memorandum of Order, *Shiva Ayyadurai v. Merrick Garland*, Civil Action No. 23-2079, United States District Court, District of Columbia (May 7, 2024) (referencing Dr. Ayyadurai's Complaint, paragraphs 5 and 8) (appeal pending, D.C. Cir. No. 24-5153).
[2] *See* Neb. Rev. Stat. § 32-201.

Shiva Ayyadurai
September 10, 2024
Page 2

Courts in other states have considered the authority of the Secretary of State to exclude candidates for President of the United States from the ballot when the candidate is constitutionally prohibited from assuming office.

In *Hassan v. Colorado*, the Tenth Circuit Court of Appeals upheld the decision of the Secretary of State to exclude a naturalized American citizen from the ballot. In affirming the decision, the court provided, "a state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office."[3]

Similarly, the California Secretary of State's decision to exclude a twenty-seven-year-old candidate was upheld on appeal. In *Lindsay v. Bowen*, the California Secretary of State excluded then 27-year-old Peta Lindsay from the 2012 California presidential primary ballot because she did not meet federal constitutional age requirements to serve as president although Lindsay had properly filed nomination papers and was a generally recognized candidate for her party. On appeal, in affirming the decision of the Secretary of State, the Ninth Circuit Court of Appeals reasoned that the state had an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies.[4]

Pursuant to the broad duties of the Secretary of State to supervise the conduct of elections, to certify the ballot, and based upon caselaw from other states, I have determined that I will not be certifying the name of Shiva Ayyadurai to be placed on the 2024 general election ballot for President of the United States.

Sincerely,

Robert Evnen
Nebraska Secretary of State

---

[3] *Hassan v. Colorado*, 495 F. App'x 947 (10th Cir. 2012)
[4] *Lindsay v. Bowen*, 750 F.3d 1061 (9th Cir. 2014)

33.    On September 10, 2024, Pledged Presidential Candidate, Shiva Ayyadurai emailed Defendant, Andrew Buller after the phone call his letter is racists and lacks subject matter jurisdiction and denies due process of 5 Nebraska Presidential Elector Candidates running for the Office of Elector in Nebraska:



34.     On September 10, 2024, Plaintiff Lauters sent an email to Defendants, Wayne Bena Robert B. Evnen, and Andrew Buller as they were intentionally stonewalling her from having any communications including simple questions regarding verified signature counts of **her** Nomination Papers.  In Mrs. Lauters email and letter, she addressed the stonewalling and disrespect shown to her from the Secretary of State's office that can be for no reason other than racism and prejudice for their Pledged Candidate.  She then pointed to the fact that Nebraska in 2004 allowed the name of Roger Calero, a **Nicaraguan Citizen, neither a "natural born" nor a naturalized U.S. citizen, to be placed on the ballot for President of the United States.  Repeat the NESOS and NEED allowed the name of a Nicaraguan Citizen to be placed on the ballot. Dr. Shiva Ayadurai is a U.S. Citizen!** Mrs. Lauters concluded her letter with how she and the 4 other Elector Candidates are owed the final verified number of her Nomination Paper filings, which the Secretary of State Office would not provide in the 5 phone calls when she spoke to someone. Here is that email:

Abigail Lauters
127 E 14th St
Hastings, NE 68901

Delivered via: Email and Certified Mail w/ Return Receipt

Wayne Bena
301 S 13th Street
Suite 410
Lincoln, NE 68508

Re: Racism, Prejudice, and Stonewalling of Presidential Elector Candidates Pledged to
Dr.SHIVA

September 14, 2024

Dear Mr. Bena,

I am a Presidential Elector Candidate in Nebraska's Third (3rd) Congressional District for the
general election in November 2024 for a nonpartisan pledged candidate, Dr. Shiva Ayyadurai
("Dr.SHIVA"). Why is your office intentionally concealing information concerning OUR
nomination papers?

We can only assume that your racism against our pledged candidate and violating his rights has
translated to your now violating our rights.

The 4 other Presidential Elector Candidates and I exercised our First Amendment right to
choose our pledged candidate to run for the Office of President, knowing he is not a "natural
born" citizen.

That is our right, provided to us constitutionally by the First Amendment.  As you are aware, it is
a "'fundamental principle of our representative democracy,' embodied in the Constitution, that
'the people should choose whom they please to govern them.' " *U.S. Term Limits, Inc. v.
Thornton, 514 U.S. 779, 783 (1995) (quoting Powell v. McCormack, 395 U.S. 486, 547 (1969)).*

It is a fact, the election officials in Nebraska are fully aware of this.  The evidence for this is
revealed by the very fact that your own Election Division placed the Presidential Elector
Candidates pledged to Roger Calero on the ballot for President, although Mr. Calero was
neither "natural born" nor a naturalized citizen of the United States. In fact, he was a
**Nicaraguan Citizen!**

If Nebraska allowed without any challenge the Presidential Elector Candidates pledged to Roger Calero, a Nicaraguan Citizen, on the Presidential ballot, what is the reason for the unequal treatment of Dr.Shiva? We can only assume you don't like the color of his skin, or that fact that he has millions of followers on social media, and as an eminent public figure known to nearly a billion worldwide, he poses a real threat to taking significant votes from Trump, Harris and the Fake Independents.

Earlier this week I called the Nebraska Secretary of State Office several times each day to inquire about the signature verification status for the over 4,055 signatures which we submitted from Nebraska voters, of which only 2,500 of which needed to be verified to get us on the ballot.

Neither Andrew Buller, nor election staff members named "Ben" nor "Abby" would answer my question about how many signatures were verified. Abby informed me the count was completed; however, she would reveal how many of the over 4,055 signatures were used to reach the 2,500 goal. She implied that enough signatures for our candidacy as Presidential Electors were validated; however, due to an "external issue," I and the others were being excluded from being candidates on the Nebraska Presidential Elector ballot.

Finally, when I spoke to Mr. Buller, he refused to let me know the status of our candidacy, and that he would be updating Crystal Ellis, the pledged candidate for Vice President. Does he not understand we are the candidates, and that information is due to us?!

When I called back to see what the final verified count was for our presidential nonpartisan candidate filing, I was told by Abby that you and Andrew had directed your office staff to stonewall me and not to speak to me, and Andrew was directed to lie and say he was not in the office, when he in fact was in the office. Abby then informed me that I would have to file a Public Records request to provide the information concerning our nomination papers?!

What is our verified count? We are owed that answer. I worked day and night to help collect a substantial number of those signatures.

Sincerely,
Abigail Lauters
NE Presidential Elector Candidate

35.    On September 19, 2024 the Defendants, from the Elections Division, via email, responded to Plaintiff, Mrs. Lauters above email, which was NOT a Public Records request. The email, however, claimed it was in response to her "records request," which is false. Neither Mrs. Lauters nor any of the Elector

Candidates needs a Public Record Request to access the results of their **own** filing.
Results of Nomination Papers have been reported to the public on all local news
stations in Nebraska. The Defendants attached two (2) documents to Mrs. Lauters.
One document is the verified petition count documenting that Plaintiffs and
Elector Candidates exceeded the statutorily required petition counts by 564
signatures, along with the Nebraska statutes list of filing requirements that were all
met. The second document is a copy of the letter allegedly mailed to Pledged
Candidate Shiva Ayyadurai informing him that his name would not be appearing
on the Nebraska Ballot. The letter was not addressed as is evident to any of the
Elector Candidates.

---

**From:** SOS ELECT <SOS.ELECT@nebraska.gov>
**Date:** September 19, 2024 at 11:44:14 AM CDT
**To:** Abigail Lauters <junea171987@gmail.com>
**Subject:** RE: Racism, Prejudice, and Stonewalling of Presidential Elector Candidates Pledged to Dr.SHIVA


Dear Ms. Lauters,

This email is regarding your records request received by our office on Monday, September 16, 2024. We interpreted your request to be made under the Nebraska Public Records Statutes, Neb. Rev. Stat. §§ 84-712 through 84-712.09. Specifically, you requested the following:

    1. Inquire about the signature verification status for the over 4,055 signatures which [Dr. Shiva Ayyadurai's campaign] submitted from Nebraska voters, of which only 2,500 of which needed to be verified to get us on the ballot.

    2. The final verified count was for our presidential nonpartisan candidate filing.

Attached are records responsive to your request.

If you have any questions regarding this response, please feel free to contact Colleen Byelick at colleen.byelick@nebraska.gov.

All the best,

Elections Division
Nebraska Secretary of State's Office

---

### Shiva Ayyadurai 2024 Presidential Petition Official Results

| Accepted | Pending | Rejected | Total # of Signatures |
|---|---|---|---|
| 3,064 | - | 1,072 | 4,136 |

**Neb. Rev. Stat. §32-620 (3).**
**President and Vice President; candidates; certification; new political party; how treated; requirements; nonpartisan status; filing; application; contents.**

(3) Candidates for the offices of President and Vice President of the United States of nonpartisan status may obtain general election ballot position by filing with the Secretary of State:

(a) An application containing:

(i) The name or names to be printed on the ballot;

(ii) The status of the candidacy as nonpartisan;

(iii) The written consent of the designated vice-presidential candidate to have his or her name printed on the ballot; and

(iv) The names and addresses of the persons who will represent the applicant as presidential elector candidates together with the written consent of such persons to become candidates; and

(b) A petition signed by **not less than two thousand five hundred registered voters**. Such petitions shall conform to the requirements of section 32-628 and shall be filed with the Secretary of State by August 1 in the year of the presidential general election.



# STATE OF NEBRASKA

**ROBERT B. EVNEN**
**SECRETARY OF STATE**

P.O. Box 94608
State Capitol, Suite 2300
Lincoln, NE 68509-4608
Phone: 402-471-2554
Fax: 402-471-3237
www.sos.ne.gov

September 10, 2024

Shiva Ayyadurai
69 Snake Hill Road
Belmont, MA 02478

Dear Dr. Ayyadurai:

On August 1, 2024, I received the Presidential Nonpartisan Affidavit, Consent to be a Vice Presidential Candidate, Presidential Electors, and candidate petition for the Shiva Ayyadurai presidential campaign. The petition has been reviewed and a sufficient number of valid signatures were collected for the petition.

However, it has come to my attention that you are not a natural-born U.S. citizen — a requirement to be President of the United States pursuant to Article II, Section 1, Clause 5 of the U.S. Constitution.[1]

### Clause 5 Qualifications

*No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.*

Pursuant to Neb. Rev. Stat. § 32-801, the Secretary of State has the duty to certify the candidates, offices, and issues that appear on the state ballot. As the deadline for certifying the 2024 General Election ballot is September 13, 2024, I have not yet transmitted a certification of the candidates, offices, and issues that appear on the state ballot to each election commissioner or county clerk.

Additionally, the Secretary of State, pursuant to Neb. Rev. Stat. §§ 32-201 and 32-202, has the duty to decide disputed points of election law and to supervise the conduct of primary and general elections in this state. Part of my role in supervising the conduct of elections is to protect the integrity of the election process and to avoid voter confusion. The decisions of the Secretary have the force of law until changed by the courts.[2]

---

[1] *See* Memorandum of Order, Shiva Ayyadurai v. Merrick Garland, Civil Action No. 23-2079, United States District Court, District of Columbia (May 7, 2024) (referencing Dr. Ayyadurai's Complaint, paragraphs 5 and 8) (appeal pending, D.C. Cir. No. 24-5153).
[2] *See* Neb. Rev. Stat. § 32-201.

Shiva Ayyadurai
September 10, 2024
Page 2

Courts in other states have considered the authority of the Secretary of State to exclude candidates for President of the United States from the ballot when the candidate is constitutionally prohibited from assuming office.

In *Hassan v. Colorado,* the Tenth Circuit Court of Appeals upheld the decision of the Secretary of State to exclude a naturalized American citizen from the ballot. In affirming the decision, the court provided, "a state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office."[3]

Similarly, the California Secretary of State's decision to exclude a twenty-seven-year-old candidate was upheld on appeal.  In *Lindsay v. Bowen,* the California Secretary of State excluded then 27-year-old Peta Lindsay from the 2012 California presidential primary ballot because she did not meet federal constitutional age requirements to serve as president although Lindsay had properly filed nomination papers and was a generally recognized candidate for her party. On appeal, in affirming the decision of the Secretary of State, the Ninth Circuit Court of Appeals reasoned that the state had an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies.[4]

Pursuant to the broad duties of the Secretary of State to supervise the conduct of elections, to certify the ballot, and based upon caselaw from other states, I have determined that I will not be certifying the name of Shiva Ayyadurai to be placed on the 2024 general election ballot for President of the United States.

Sincerely,

Robert Evnen
Nebraska Secretary of State

---

[3] Hassan v. Colorado, 495 F. App'x 947 (10th Cir. 2012)
[4] Lindsay v. Bowen, 750 F.3d 1061 (9th Cir. 2014)

36.     However, by operation of the U.S. Constitution and the Nebraska Election Code, the offices of President and Vice President of the United States **have never been offices filled (or voted for) by Nebraska voters at the general election**. See U.S. Constitution, Art. II. As the Nebraska Election Code ***Neb. Rev. Stat. § 32-1038(1) and Neb. Rev. Stat. § 32-104*** states (with emphasis added):

Neb. Rev. Stat. § 32-1038(1)

> The canvass of the votes for candidates for President and Vice President of the United States and the return thereof shall be a canvass and **return of the votes cast for the presidential electors** of the same party or group of petitioners respectively, and the certificate of such election made by the Governor shall be in accord with such return. **Receipt by the presidential electors** of a party or a group of petitioners of the highest number of votes statewide shall constitute election of the two at-large presidential electors of that party or group of petitioners. **Receipt by the presidential electors** of a party or a group of petitioners of the highest number of votes in a **congressional district shall constitute election of the congressional district presidential elector of that party or group of petitioners**

Neb. Rev. Stat. § 32-104

> **Candidate shall mean a registered voter for whom votes may be cast at any election** and who, either tacitly or expressly, consents to be considered. **Candidate shall not include a candidate for President or Vice President of the United States.**

37.     The Nebraska Secretary of State letter from Robert B. Evnen sent by Nebraska Elections Division, Andrew Buller email to Pledged Candidate for Vice President, Crystal Ellis, dated September 10, 2024 did not name Plaintiffs or any of the Elector Candidates as the Respondents in the notification, rejection; and, such communications does not include any factual allegations directed at Plaintiffs or 5

Elector Candidates nor does it seek a decision of the Nebraska Secretary of State and Nebraska Division of Elections directed at the 5 Elector Candidates' ballot eligibility.

38.    The NESOS, NEED, Robert B. Evnen, Wayne Bena, and Andrew Buller did not seek the removal of the 5 Elector Candidates or otherwise challenge the ballot eligibility of the 5 Elector Candidates at the November 5, 2024 general election ballot for the federal office of "Electors for President and Vice President of the United States." US Const., Art. 2 Sect. 1. ***Neb. Rev. Stat. § 32-1038(1) and Neb. Rev. Stat. § 32-104.***

Neb. Rev. Stat. § 32-1038(1) - Board of state canvassers; canvass of votes; procedure (emphasis added):

> The canvass of the votes for candidates for President and Vice President of the United States and the return thereof shall be a canvass and <u>**return of the votes cast for the presidential electors**</u> of the same party or group of petitioners respectively, and the certificate of such election made by the Governor shall be in accord with such return. <u>**Receipt by the presidential electors**</u> of a party or a group of petitioners of the highest number of votes statewide shall constitute election of the <u>**two at-large presidential electors**</u> of that party or group of petitioners. Receipt by the presidential electors of a party or a group of petitioners of the highest number of votes in a congressional district shall constitute election of the congressional district <u>**presidential elector**</u> of that party or group of petitioners

Neb. Rev. Stat. § 32-104. Candidate, defined (emphasis added):

> <u>**Candidate shall mean a registered voter for whom votes may be cast**</u> at any election and who, either tacitly or expressly, consents to be considered. <u>**Candidate shall not include a candidate for President or Vice President of the United States**</u>.

THE NEBRASKA SECRETARY OF STATE AND NEBRASKA
ELECTIONS DIVISION NAMED THE WRONG PARTIES + REJECTED
ELECTORS BEYOND THE STATUTORY AUTHORITY OF THE
NEBRASKA SECRETARY OF STATE AND NEBRASKA ELECTIONS
DIVISION

39.     By operation of the Nebraska Election Code, *Neb. Rev. Stat. § 32-624.*

*Candidate filing forms; objections; notice; actions authorized; filing officer; powers and*

*duties.*

Neb. Rev. Stat. § 32-624

A candidate filing form which appears to conform with sections
32-606 and 32-607 <u>shall be deemed to be valid unless objections
are made in writing within seven days after the filing deadline</u>. If
an objection is made, <u>notice shall be mailed to all candidates</u> who
may be affected thereby. Any political party committee may institute
actions in court based upon fraud or crime resorted to in connection
with the candidate filing forms or the acceptance of a nomination.
No county committee shall have the authority to bring such action
as to candidates for congressional or state office or as to candidates
to be elected from legislative districts composed of more than one
county. A state political party committee may institute actions to
determine the legality of any candidate for a state or congressional
office or for any district office if the district composes more than one
county. Objections to the use of the name of a political party may
also be made and passed upon in the same manner as objections to a
candidate filing form or other acceptance of nomination.

The filing officer with whom the candidate filing form was filed shall
determine the validity of such objection, and his or her decision
shall be final unless an order is made in the matter by a judge of the
county court, district court, Court of Appeals, or Supreme Court on
or before the fifty-fifth day preceding the election. Such order may
be made summarily upon application of any political party
committee or other interested party and upon such notice as the
court or judge may require. The decision of the Secretary of State or
the order of the judge shall be binding on all filing officers."

Neb. Rev. Stat. § 32-620(3)(b)

(3) Candidates for the offices of President and Vice President of the United States of nonpartisan status may obtain general election ballot position by filing with the Secretary of State: (b) A petition signed by not less than two thousand five hundred registered voters. Such petitions shall conform to the requirements of section 32-628 and shall be filed with the Secretary of State by August 1 in the year of the presidential general election.

40.     The Nebraska Election Code statutes mandate an objector's petition to cannot be filed beyond the deadline of August 12, 2024. *Neb. Rev. Stat. § 32-624.*

41.     The NESOS, NEED, Robert B Evnen, Wayne Bena and Andrew Buller named the wrong party in their rejection and removal; specifically, they named the Pledged Candidate who is neither a Nebraska resident nor seeking office to be elected by Nebraska voters on November 5, 2024, nor within the authority of the NESOS, NEED, Robert B Evnen, Wayne Bena, and Andrew Buller to be rejected from the ballot, or within the authority of the NESOS, NEED, Robert B Evnen, Wayne Bena, and Andrew Buller to be denied ballot certification, since these offices are not certified to the ballot by the NESOS and NEED.

42.     The Nebraska Election Code, defines the offices voted upon by Nebraska voters in general elections in even numbered years, and states in part as follows *Neb. Rev. Stat. § 32-1038(1)* (emphasis added):

Neb. Rev. Stat. § 32-1038(1)

**The canvass of the votes for candidates for President and Vice President of the United States and the return thereof shall be a canvass and return of the votes cast for the <u>presidential electors</u> of** the same party or group of petitioners respectively, and the certificate of such election made by the Governor shall be in accord with such return. **Receipt by the <u>presidential electors</u> of a party or** a group of petitioners of the highest number of votes statewide shall **constitute election of the two at-large <u>presidential electors</u> of that**

> party or group of petitioners. **Receipt by the <u>presidential electors</u> of a party or a group of petitioners of the highest number of votes in a congressional district shall constitute election of the congressional district <u>presidential elector</u>** of that party or group of petitioners

Nowhere in the Nebraska Election Code is there any reference to Nebraska voters being able to vote for the "Office of President." Nebraska voters cannot vote for the Office of President. They can vote for the Office of Electors e.g. "Electors of the President and Vice President of the United States."

43.    *Neb. Rev. Stat. § 32-1038(1) and  Neb. Rev. Stat. § 32-104* of the Nebraska Election Code **<u>does not include the office of "President of the United States" or</u> <u>"Vice President of the United States"</u>** as offices for which Nebraska voters vote at a general election, and logically, such an office could not be added to the Nebraska Election Code or to the Nebraska ballot because the U.S. Constitution preempts Nebraska law regarding the election of President and Vice President of the United States. U.S. Const., Art. 2, Sect. 1. *Neb. Rev. Stat. § 32-1038(1) and  Neb. Rev. Stat. § 32-104.*

44.    By operation of the U.S. Constitution, Article 2 Section 1 Clause 2, and the Nebraska Election Code, Nebraska voters elect their Electors for President and Vice President of the United States; thereafter, those Electors that are elected at the general election proceed to vote by ballot in the Electoral College. Thus, it is the Electors that elect the President and Vice President of the United States through a separate ballot.  See https://www.archives.gov/electoral-college.\

45.    The **Presidential Elections of Presidential Electors** for the President and Vice President (rather than any potential pledged candidates) is confirmed by

the Nebraska Election Code, which states:   *Neb. Rev. Stat. § 32-1038(1) and Neb. Rev.*

*Stat. § 32-104.*

Neb. Rev. Stat. § 32-1038(1)  Board of state canvassers; canvass of votes;
procedure

> **The canvass of the votes for candidates for President and Vice
> President of the United States and the return thereof shall be a
> canvass and return of the votes cast for the <u>presidential electors</u> of**
> the same party or group of petitioners respectively, and the
> certificate of such election made by the Governor shall be in accord
> with such return. **Receipt by the <u>presidential electors</u>** of a party or
> a group of petitioners of the highest number of votes statewide shall
> constitute election of the **two at-large <u>presidential electors</u>** of that
> party or group of petitioners. **Receipt by the <u>presidential electors</u>**
> of a party or a group of petitioners of the highest number of votes
> in a congressional district **shall constitute election of the
> congressional district <u>presidential elector</u>** of that party or group of
> petitioners"

Neb. Rev. Stat. § 32-104. Candidate, defined.

> **Candidate shall mean a registered voter for whom votes may be cast
> at any election** and who, either tacitly or expressly, consents to be
> considered. **Candidate <u>shall not include</u>** a candidate for President or
> Vice President of the United States.

    46.    The Nebraska Election Code, applies to election authorities and

defines the process for the printing of ballots and the counting of votes for Electors

(emphasis added) as follows (emphasis added):   *Neb. Rev. Stat. § 32-1038(1)*

Neb. Rev. Stat. § 32-1038(1)  Board of state canvassers; canvass of votes;
procedure

> **The canvass of the votes for candidates for President and Vice
> President of the United States and the return thereof shall be a
> canvass and return of the votes cast for the <u>presidential electors</u> of**
> the same party or group of petitioners respectively, and the
> certificate of such election made by the Governor shall be in accord
> with such return. **Receipt by the <u>presidential electors</u>** of a party or
> a group of petitioners of the highest number of votes statewide shall
> constitute election of the **two at-large <u>presidential electors</u>** of that
> party or group of petitioners. **Receipt by the <u>presidential electors</u>**

of a party or a group of petitioners of the highest number of votes in a congressional district **shall constitute election of the congressional district <u>presidential elector</u>** of that party or group of petitioners"

Neb. Rev. Stat. § 32-104. Candidate, defined.

> **Candidate shall mean a registered voter for whom votes may be cast at any election** and who, either tacitly or expressly, consents to be considered. **Candidate <u>shall not include</u> a candidate for President or Vice President of the United States.**

47. Therefore, by operation of the *Neb. Rev. Stat. § 32-104.* Candidate <u>shall not include</u> a candidate for President or Vice President of the United States *Neb. Rev. Stat. § 32-104.*

48. Thus, Nebraska voters do not nominate or elect their candidates for President or Vice President, as confirmed by recent events[1]; pledged Presidential and Vice-Presidential candidates are not ballot-eligible in Nebraska nor are they voted upon by voters in <u>any</u> state, including Nebraska.

49. Political party convention delegates are the ballot eligible candidates elected at a party's primary election; thereafter, established political party Electors (selected at each convention and certified pursuant to Nebraska Election) **alongside** independent (and new political party) Electors are the only ballot eligible candidates that are voted upon by Nebraska voters at the November 5, 2024 general election in relation to the offices of President and Vice President of the United States.

---

[1] Recent events are illustrative. Donald Trump's **delegates** were elected at the Republican primary (without a VP being identified), and Joe Biden's **delegates** were elected at the Democratic Party primary (also without a VP being identified). Candidates for President however were <u>not</u> nominated at either party's primary election. After strategic considerations by the DNC, Joe Biden announced on July 21, 2024 that he would not seek re-election, and Kamala Harris then announced her intent to seek the Democratic nomination as their Presidential candidate without declaring her VP candidate. Donald Trump was then rumored to be considering replacing his Vice President who was announced at the Republican convention.

**PREMATURE ADJUDICATION AND ENFORCEMENT OF QUALIFICATIONS FOR PRESIDENT AGAINST ELECTOR CANDIDATES AND THEIR PLEDGED CANDIDATE WAS DONE WITHOUT STATUTORY AUTHORITY AND IS UNCONSTITUTIONAL**

50.    The Defendants attempt to conflate the Plaintiffs and Elector Candidates with the Pledged Candidate.  They appear not to have studied basic American history in grade school or wish to wish away the Electoral College, which they cannot and must not be allowed to do by this court. The Defendants forget that each state may only review Nomination Papers of **its own residents**, that seek ballot placement at the state general election, to be voted upon to fill offices that are identified by the State as being filled at the general election. Thus, each State can only grant authority to review Nomination Papers of its own residents.  The US Constitution does not extend to any State the authority to review qualifications of any candidate for President or VP, nor impose any restrictions or additional qualifications other than stated in the US Constitution.  The US Congress has exclusive jurisdiction to review qualifications of President.

51.    The facts are:

a The Plaintiffs fulfilled every statutory qualification to be the independent presidential elector candidates ("Elector Candidates") pledged to presidential candidates Dr. Shiva Ayyadurai ("Pledged Candidate");

b Plaintiffs and Elector Candidates exercised their First and Fourteenth Amendment rights in choosing their Pledged

Candidate of choice.   It should be noted, Elector Candidates can also change the Pledged Candidate e.g. "faithless electors"

c   The Plaintiffs achieved and exceeded every statutory requirement to be the Elector Candidates to be placed on the ballot with their slate denoted by the label "Dr. Shiva Ayyadurai/Crystal Ellis;"

d   In Nebraska as in other States, the Elector Candidates are the "candidates" for the Office of Elector; there is not an Office of President that the Pledged Candidate can run for in Nebraska nor in any other State;

e   The Plaintiffs were qualified and fulfilled all requirements to be placed on the ballot;

f   Defendants did NOT provide any notice to Plaintiffs of challenges to their candidacy as Elector Candidates; and,

g   Defendants did NOT provide due process to Elector Candidates to provide response to any of objections to their candidacy

52.    Defendants instead of providing due process to the Elector Candidates, prematurely adjudicated and enforced against the Pledged Candidate's qualifications **to hold** the Office of President, which exceeds their authority particularly in light of the fact they had no Statutes passed by the Nebraska State Legislature that affords them the right to do so.

53.    The facts 51(a-g) reveal that Defendants had no right whatsoever to throw Plaintiffs and Elector Candidates from the Nebraska ballot.  They fulfilled every qualification and requirement to be on the ballot. Defendants instead of

providing due process to Elector Candidates, "put the cart before the horse," and began adjudicating the qualifications of their Pledged Candidate, Dr. Shiva Ayyadurai – "Dr.Shiva" -  and even went so far as to enforce qualifications for *holding* the office of President against Dr. Shiva to deny their Pledged Candidate his First and Fourteenth Amendment right from *running* for the Office.

54.    Defendants must know, concerning the appointment of Electors of the President and Vice President of the United States, the U.S. Constitution creates and defines the Electoral College as the only process by which each State's Electors vote by ballot to elect the President and Vice President of the United States.  No State may add qualifications beyond those stated in the U.S. Constitution for ballot eligibility of Nebraska Electors for the President and Vice President of the United States, and may not directly or indirectly infringe upon federal constitutional protections; see e.g., *United States Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827, 115 S.Ct. 1842, 1866 (1995).

55.    The Defendants went after the wrong person (the Pledged Candidate Dr. Shiva), since the right persons (Elector Candidates) had done nothing wrong

56.    NESOS and NEED actions were derived from no basis in law,  and derived from creating the law "on-the-fly." The work of one of the leading scholars on ballot access and the rights of States to adjudicate qualifications of the Presidency, provides a "North Star" (emphasis added)[2]:

> "States lack any power to evaluate qualifications in congressional elections, **and any power to evaluate qualifications in presidential elections arises solely from the force of its own statutes.** Because of the review of

---

[2]  Muller, Derek T. (2015) "Scrutinizing Federal Electoral Qualifications," Indiana Law Journal: Vol. 90: Iss. 2, Article 3.

> qualifications that occurs in the people, electors, political parties, and Congress, <u>the need for the state to review is slight.</u>"

States must be circumspect in prohibiting candidates for President from *running* for the Office, even though the candidate may be "ineligible" for *holding* the Office. As aforementioned, States should only do so if they have explicit statutes, passed by the State legislature, that allow them to do so. Why? Because, the Office of President is elected by all the people, and there are sufficient mechanisms - **"people, electors, political parties, and Congress"** – who can intervene to prevent an "ineligible" candidate from holding the Office.

57.     Based on this North Star, the NESOS and NEED's analysis has no basis in any State statute that allows the State of Nebraska to remove a presidential candidate from the ballot and to stop the candidates running for the Office based on that candidate being "ineligible" to hold the Office. Since no such Statute exists, the letter from Mr. Robert Evnen of the NESOS office is bogus, baseless and total nonsense. Mr. Evnen is grabbing for straws and built a "house of cards" to support his decision to remove Dr. Shiva off the ballot.

## HASSAN RULINGS CANNOT BE USED TO JUSTIFY PREMATURE ADJUDICATION OF PRESIDENTIAL QUALIFICATIONS IN LIGHT OF TRUMP V. ANDERSON AND CONFLICTS FROM OTHER STATE SUPREME COURT RULINGS

The Court granted petition for certiorari in *Trump v. Anderson,* and reversed the Colorado Supreme Court's decision since the Framers wanted <u>**a direct link**</u>

**between the National Government and the people** of the United States, not a
"patchwork."

Twelve years earlier, in 2012, also in the State of Colorado, in *Hassan v.
Colorado 495 F. App'x 947 (10th Cir. 2012)*, the United States Tenth Circuit Court of
Appeals of Colorado made a decision to disqualify candidate Hassan for President
and to deny *Hassan* ballot access in the 2012 Presidential election asserting:

> "...a state's legitimate interest in protecting the integrity
> and practical functioning of the political process permits
> it to exclude from the ballot candidates who are
> **constitutionally prohibited** from assuming office."

Specifically, the State referred to a provision in the Constitution, U.S. Const.
art. II, § 1, cl. 5 for asserting such constitutional prohibition.

Neil M. Gorsuch, one of the nine Supreme Court Justices in *Trump v.
Anderson* that had concluded on March 4, 2024 that States cannot disqualify and
deny ballot access to a candidate running for President even on constitutional
grounds, was then in 2012 the Circuit Court Judge, who authored the decision in
*Hassan v. Colorado 495 F. App'x 947 (10th Cir. 2012)* that concluded **a State could
disqualify** and deny *Hassan* access to the Colorado's state ballot on constitutional
grounds.

Before the *Trump v. Anderson* decision of this Court, many on the "left" and
legal scholars concluded that the *Hassan* ruling would be the precedential basis for
removing Trump's name from the ballot. However, the exact opposite took place.

Common sense leads to a simple explanation: since Hassan never got on the
ballot in **any State,** never had a real campaign, neither had presidential electors nor

volunteers who worked day and night to collect hundreds of thousands of petition necessary signatures to get ballot access, etc., he was not a bona fide or *diligent* candidate like Dr. Shiva and Trump.  Had Hassan actually gotten on the ballot, had a broad bottom's up movement, etc., it is likely Justice Gorsuch would have decided differently in Colorado in 2012.  States cannot deny access to a bona fide and diligent candidate to States' ballots, unless that candidate does not meet specific and reasonable State Elector and Nomination Petition signature requirements.  Only Congress can disqualify a candidate for President.

Moreover, state supreme courts rulings that conflicted with *Hassan* rulings foreshadowed th Court's ruling in *Trump v. Anderson*.  For example, in the case of Roger Calero, a Nicaraguan citizen, who was neither "natural born" nor a naturalized U.S. citizen, and patently "ineligible" to hold the Office of President, the New York Supreme Court in *Earl–Strunk v. N.Y. State Bd. of Elections*, 950 N.Y.S.2d 722 allowed him on the ballot and the court stated (emphasis added):

> Thus, this Court <u>lacks subject matter jurisdiction to determine the eligibility and qualifications of President OBAMA to be President, as well as the same for Senator MCCAIN or ROGER CALERO.</u> If a state court were to involve itself in the eligibility of a candidate to hold the office of President, a determination <u>reserved for the Electoral College and Congress.</u> it may involve itself in national political matters for which it is institutionally ill-suited and interfere with the constitutional authority of the Electoral College and Congress. Accordingly, <u>the political question doctrine instructs this Court and other courts to refrain from superseding the judgments of the nation's voters</u> and those federal government entities the Constitution designates as the proper forums to determine the eligibility of presidential candidates.

The Defendant's reference to *Hassan* is irrelevant. **History has moved forward. The decision in *Trump v. Anderson* supersedes earlier rulings and resolves conflicts concerning Hassan. Only Congress can enforce qualifications against a candidate for President.**

---

### Count I
### Declaratory Judgment No Subject Matter Jurisdiction
### Over Pledged Candidates

1-57. Plaintiff repeats and restates Par. 1-57 above as if fully stated herein.

58.     The NESOS and NEED is one of many statutorily-created electoral boards with jurisdiction limited to a review of specifically stated candidate Nomination Papers as follows ***Neb. Rev. Stat. §32-624 Candidate filing forms; objections; notice; actions authorized; filing officer; powers and duties***

Neb. Rev. Stat. §32-624 Candidate filing forms; objections; notice; actions authorized; filing officer; powers and duties (with Emphasis added)

> A candidate filing form which appears to conform with sections 32-606 and 32-607 **shall be deemed to be valid** unless objections **are made in writing within seven days after the filing deadline.** If an objection is made, **notice shall be mailed to all candidates** who may be affected thereby.

59.     Furthermore, ***Neb. Rev. Stat. § 32-1038(1)*** of the Election Code specifically states (emphasis added) for Arrangement of materials on the ballots for offices of Electors of President and Vice President of the United States:

Neb. Rev. Stat. §32-1038(1)

The canvass of the votes for candidates for President and Vice President of the United States and the return thereof shall be a canvass and return of the **votes cast for the presidential electors** of the same party or group of petitioners respectively, and the certificate of such election made by the Governor shall be in accord with such return. Receipt by the presidential electors of a party or a group of petitioners of the highest number of votes statewide shall constitute election of the two at-large presidential electors of that party or group of petitioners. Receipt by the presidential electors of a party or a group of petitioners of the highest number of votes in a congressional district shall constitute election of the congressional district presidential elector of that party or group of petitioners

60.    Therefore, *Neb. Rev. Stat. § 32-1038(1)* allows the names of the pledged candidates for president and vice president to be only used on the ballot, however, **"votes cast for the presidential electors"** for the offices of President and Vice President because these two U.S. Constitutionally-created offices are filled by the Electors voting a separate ballot at the Electoral College, and are not defined in the Election Code as offices filled by Nebraska voters at the general election *Neb. Rev. Stat. § 32-1038(1)*

61.    The NESOS and NEED rejection and removal that was filed past the deadline against Pledged Candidates, Dr. Shiva Ayyadurai and Crystal Ellis, were done without any statutory authority derived from the Nebraska Election Code as the U.S Constitution preempts such a bold request by objectors to reject a pledged US Presidential candidate who is beyond the jurisdiction of the Nebraska Election Code. *Neb. Rev. Stat. § 32-1038(1)*

62.    The NESOS and NEED thus lacks subject matter jurisdiction over the rejection and removal that was filed past the objection deadline, against Pledged Candidates Dr. Shiva Ayyadurai and Crystal Ellis, since such offices are not within their scope, and the Nebraska Election Code extends no jurisdiction over the

Electoral College ballots or voting process, nor over potential future candidates for President and Vice President of the United States that are elected by Electors voting ballots at the Electoral College. U.S. Const., Art. II, Sec. 1. *Neb. Rev. Stat. § 32-1038(1)*

63.    The NESOS and NEED also lacks subject matter jurisdiction over the rejection and removal that was filed against Pledged Candidates, Dr. Shiva Ayyadurai and Crystal Ellis, since these U.S Constitutional offices are not offices that are filled at the general election or elected by voters at the general election.

64.    In addition, the NESOS and NEED lacks subject matter jurisdiction over rejection and removal because the removal is not within the authority of the NESOS and NEED to enter. By operation of the Election Code, the NESOS and NEED can only issue decisions regarding offices sought by Nebraska residents upon the Nebraska ballot. The Pledged Candidates that are not Nebraska residents or voted upon through a ballot cast in Nebraska cannot be rejected from a ballot they were not part of in the first place.

65.    The names of pledged candidates for President and Vice President are printed upon the ballot to simplify and shorten the ballot, in lieu of the names of the candidates for Electors of President and Vice President of the United States.

66.    The Election Code expressly confirms that a vote for the names of the President and Vice President that are printed by election authorities upon the ballot shall not be taken as a direct vote for such candidates for President and Vice-President, or either of them, but shall only be deemed and taken to be a vote for the entire list or set of electors and alternate electors chosen by that political party or group of petitioners. *Neb. Rev. Stat. § 32-1038(1) and Neb. Rev. Stat. § 32-104*

67.     The Defendants have based their decision to reject Plaintiffs and the 5 Elector Candidates based on processing an rejection email that is defective, which is burdening Plaintiffs' and 5 Elector Candidates' resources and costing hundreds of hours of legal and volunteer efforts.

68.     By deferring the jurisdictional determination, while removing from the ballot the 5 Elector Candidates, the Defendants are violating the rights guaranteed to the Plaintiffs and all 5 Elector Candidates by the First and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983.

69.     The Defendant's decision to ignore and defer the threshold jurisdictional issue directly damages, obstructs, and harms the ability of the Plaintiffs and all 5 Elector Candidates to promote their campaign platform, to pursue their policy positions, and to promote their pledged candidates prior to the November 5, 2024 general election; the processing of this defective rejection and removal, without proper jurisdiction, has resulted in their being rejected from the Nebraska ballot which deters endorsements and fundraising.

70.     Plaintiffs are also further harmed because they cannot secure judicial review of any adverse decision by the NESOS and NEED in the circuit court because they were not notified by The NESOS, NEED, Robert B. Evnen, Wayne Bena or Andrew Buller.

71.     The Plaintiffs enjoy First Amendment protected ballot access rights – Plaintiffs as candidates, petition circulators, and petition signers - who wish to exercise their First Amendment ballot access rights to support the candidates of their choice, and see their Electoral Candidates voted upon at the general election.

72.    The Defendants' actions as alleged herein are reckless, willful, arbitrary, and/or capricious thus jeopardizing Plaintiffs' and the 5 Elector Candidates' First Amendment right to petition voters; Defendants are directly obstructing Plaintiffs' right to associate as Electors with a political campaign and to elect the 5 Elector Candidates, and directly jeopardizing the First Amendment rights of all voters that signed the 5 Elector Candidates' petitions for their right to nominate and to vote for Electors of their choice at the November 5, 2024 general election.

73.    Defendants have taken Elector Candidates off the Nebraska ballot based on NESOS's, NEED's rejection and removal with reckless disregard for Plaintiffs' and all 5 Elector Candidates' rights to due process and in derogation of their rights to equal protection under the law.

74.    By allowing the NESOS, NEED, Robert Evnen, Wayne Bena and Andrew Buller to impermissibly extend its jurisdiction over the nomination papers for the 5 Elector Candidates through some unknown and unstated authority to reject Pledged Candidates (and all 5 Elector Candidates) from the November 5, 2024 general election ballot.

75.    A real and actual controversy exists between the parties.

76.    Plaintiffs and the equally situated 5 Elector Candidates have no adequate remedy at law, or through the actions of the NESOS and NEED that took place without their being parties to such proceedings, other than this action pursuant to 42 U.S.C. § 1983 for declaratory and equitable relief.

77.    Plaintiffs and the 5 Elector Candidates are suffering irreparable harm as a result of the violations complained of herein, since they are not named parties

to the rejection by the NESOS, NEED, Robert B Evnen, Wayne Bena and Andrew Buller but are being subjected to a being taken off the ballot without due process.

78.    Since the NESOS, NEED made its final decision and NESOS and NEED continued its removal without addressing the NESOS and NEED jurisdiction over the rejection and removal of the Plaintiffs and the 5 Elector Candidates are losing valuable time before the election, and will not have the ability to obtain a decision regarding the the State of Nebraska, NESOS, NEED, Robert B. Evnen, Wayne Bena, and Andrew Buller jurisdiction for federal candidates, after which election authorities will place their ballot orders to print ballots, and commence mailing overseas and military ballots in September, with vote by mail ballots going out thereafter.

79.    A declaration of the Plaintiffs' rights and NESOS and NEED subject matter jurisdiction on an expedited basis would be in the public interest and would assist Plaintiffs, Defendants, and all Nebraska voters, and would provide guidance to the Defendants in their official capacities as the NESOS and NEED rejection of pledged candidates for the offices of President and/or Vice President, rather than to the Nebraska residents who are the Electors for whom Nebraska voters will be voting at the general election on November 5, 2024.

WHEREFORE, Plaintiffs Pro Se, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

    (a) directing the NESOS and NEED to nullify the Final Decision to the reject Presidential Electors for lack of subject matter jurisdiction;

    (b) permanently enjoining Defendants from removing Plaintiffs and the 5 Elector Candidates from November 5, 2024 general election ballot for the offices of independent Electors for President and Vice President of the United States;

    (c) directing Defendants to certify all 5 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the NESOS and NEED, did not have statutory authority for the rejection nor subject matter jurisdiction to reject pledged candidates for President and Vice President from the Nebraska general election ballot;

(4)    Issue a permanent injunction consistent with foregoing declaratory judgment, and preliminary and permanent injunctions;

(5)    Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)    Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

**Count II**
**Declaratory Judgment – in the alternative No Personal**
**Jurisdiction Over Plaintiffs or 5 Elector Candidates**

1-79.   Plaintiff repeats and restates Par. 1-79 above as if fully stated herein.

80.    The 5 Elector Candidates are the Nebraska residents that submitted nomination papers as independent Electors for President and Vice President of the United States for the November 5, 2024 general election, and it is their nomination papers that were reviewed by the NESOS and NEED for compliance with the Election Code.

81.    The 5 Elector Candidates are not named as candidates or respondents in the email or letter from Nebraska Secretary of State, Robert B. Evnen.

82.    The 5 Elector Candidates were not served with a copy of the email or letter from Robert B. Evnen, Wayne Bena  and Andrew Buller or any other notice of rejection and removal against them or against their candidate Nomination Papers by the NESOS and NEED.

83.    The NESOS and NEED did not serve a copy of any objector's petition upon each Nebraska Elector Candidates against whom an objector's petition was filed.

84.    The NESOS and NEED did not at any time ensure any objection being delivered to Elector Candidates so they could have basic due process.

85.    The NESOS and NEED in reviewing the Nomination Papers of Plaintiffs as a candidate for Elector for President and Vice President of the United States, and the Nomination Papers of the 5 Elector Candidates, did so without notice or due process provided to each of the 5 Elector Candidates.

86.    The NESOS and NEED has not addressed the NESOS and NEED failure to serve any notice upon the 5 Elector Candidates, or the NESOS and NEED's failure to acquire personal jurisdiction over the 5 Elector Candidates who are the actual Nebraska residents and candidates seeking ballot access at the November 5, 2024 general election.

87.    The NESOS and NEED has already reviewed the 5 Elector Candidates' Nomination Papers and has rejected the 5 Elector Candidates from the ballot without notice and an opportunity to respond provided to each of them.

88.    Plaintiffs and the 5 Elector Candidates are not represented in the NESOS and NEED email or letter, and they have not been named as parties in that email notice; the NESOS and NEED have not alleged facts directed at the 5 Elector Candidates but are proceeding to challenge the voter signatures on the 5 Elector Candidates' Nomination Papers all the same.

89.    The NESOS and NEED has not acquired personal jurisdiction over the 5 Elector Candidates who are the Nebraska residents and candidates that are identified upon the Presidential Elector list that the NESOS and NEED has possession of.

90.    It is indeed a well-settled principle of law that concepts of due process apply to administrative hearings, and the parties are guaranteed the right to a fair and impartial tribunal.

91.    Fundamental fairness and due process are being denied to Plaintiffs as a voter, petition circulator, and candidate for independent Elector desiring to see Electors of their choice including the 5 Elector candidates being ballot qualified and eligible to be voted upon at the general election; and denied to the 2500 or

more verified petition signers that signed the 5 Elector Candidates' nomination papers and seek the right to associate, nominate, and vote for the 5 Elector Candidates as their candidates at the November 5, 2024 general election ballot.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1)     Assume original jurisdiction over this case;

(2)     Issue a temporary restraining order and/or preliminary injunction as follows:

> (a) directing the NESOS, NEED to nullify the rejection and removal Proceeding for lack of personal jurisdiction over the 5 Elector Candidates and their Nomination Papers;

> (b) permanently enjoining Defendants from removing Plaintiffs and the 5 Elector Candidates based on the decision from the NESOS, NEED, Robert B. Evnen, Wayne Bena and Andrew Buller.

> (c) directing Defendants to certify all 5 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)     Issue a declaratory judgment consistent with foregoing preliminary injunction that the NESOS, NEED, Robert B. Evnen, Wayne Bena and Andrew Buller do not have statutory authority to create subject matter jurisdiction over federal unaffiliated presidential elector candidates and can

not seek to reject pledged candidates for President and Vice President from the general election ballot;

(4)     Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)     Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)     Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

**Count III Declaratory Judgment – in the alternative
NESOS, NEED's Unlawful Removal of Pledged
Candidates Divests NESOS, NEED's of Subject Matter
Jurisdiction Over 5 Elector Candidates**

1-91.    Plaintiff repeats and restates Par. 1-91 above as if fully stated herein.

92.     The Nebraska Election Code only applies to the election of Nebraska candidates that are voted upon by Nebraska voters at the Nebraska general election.

93.     A Nebraska voter may file an objector's petition against a Nebraska candidates' Nomination Papers.

94.     That the NESOS, NEED, Secretary of State, Robert B. Evnen, Deputy for Elections, Wayne Bena and Assistant Deputy for Elections, Andrew Buller did not give proper notice of the acceptance, rejection and then removal of Nebraska residents as named candidates but instead the NESOS, NEED, Robert B. Evnen, Wayne Bena and Andrew Buller, and staff seeks to extend Nebraska Election laws beyond the State's territorial boundaries, by continuing the the removal of the

Pledged Candidates, who are not residents or voters in Nebraska, and who are not Nebraska candidates for whom Nebraska voters will be voting at the November 5, 2024 general election to fill offices defined by the Nebraska Election Code at general elections.

95.    The NESOS and NEED have already reviewed and taken adverse action against the 5 Elector Candidates' Nomination Papers to reject them off the Nebraska ballot without a proper notification to any Nebraska residents or Nebraska voters that are seeking ballot placement upon the Nebraska ballot.

96.    By agreeing with the NESOS and NEED based upon an rejection and removal that is legally and factually insufficient and defective because it does not name Nebraska residents seeking ballot placement on a Nebraska ballot or seek relief against actual Nebraska residents on the Nebraska ballot, the NESOS and NEED is denying fundamental fairness and due process to Plaintiffs and all 5 Elector Candidates.

WHEREFORE, Plaintiffs, through their attorneys, respectfully request entry of a declaratory judgment as follows:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction as follows:

   (a)    directing the NESOS and NEED to nullify the rejection from Robert B. Evnen decosopm because the rejection and removal is legally and factually insufficient to confer subject matter jurisdiction over the Nomination Papers submitted by the 5 Elector Candidates;

48

      (b)   permanently enjoining Defendants from removing Elector Candidates from the Nebraska ballot based on decision from the NESOS and NEED;

      (c)   directing Defendants to certify all 5 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;

(3)    Issue a declaratory judgment consistent with foregoing preliminary injunction that the NESOS, NEED lacks subject matter jurisdiction over the 5 Elector Candidates' Nomination Papers because the rejection from Robert B. Evnen, Wayne Bena and Andrew Buller is legally and factually insufficient and defective;

(4)    Issue a permanent injunction consistent with foregoing declaratory judgment and preliminary injunction;

(5)    Order Defendants to pay to Plaintiffs Pro Se their costs and efforts for organizing this lawsuit under 42 U.S.C. § 1988(b); and

(6)    Retain jurisdiction over this matter to enforce this honorable court's order, and any other relief that is just and appropriate.

Respectfully submitted:

By:    /s/Abigail Lauters
         Plaintiff Pro Se

By:    /s/ Mary Lesak
         Plaintiff Pro Se

By:      /s/ Philip Thomson
          Plaintiff Pro Se

By:      /s/ Anthony Lauters
          Plaintiff Pro Se

By:      /s/ Tre'Velle Ellis
          Plaintiff Pro Se

Dated: September 30, 2024

Abigail Lauters
127 E 14 St.
Hastings, NE 68901
Ph: 402-831-0387
Em: juneal71987@gmail.com

Mary Lesak
7605 Pasadena Ave
Omaha, NE 68124
Ph: 402-415-1304
Em: 56marele@gmail.com

Phillip Thompson
1013 Fenwick St.
Papillion, NE 68046
Ph: 402-203-8519
Em: papatango777@msn.com

Anthony Lauters
127 E 14th St.
Hastings NE 68901
Ph: 402-860-1939
Em: tony.lauters@hpstigers.org

Tre'Velle Ellis
11909 N 58th St.
Omaha, NE 68152
Ph: 402-403-2771
Em: trevelleellis@gmail.com

## Certificate of Service

We, the Plaintiffs Pro Se, certify that on September 30, 2024 we filed this document with the Clerk of the Court via in person, and have separately served a copy of this filing upon the Defendants shown below via email and in person delivery to Counsel of Defendants and Defendants as follows:

**Attorney General Mike Hilgers** c/o: Mike Hilgers
via in Person: Records Manager, 2115 State Capitol, Lincoln, NE 68509

**Office of Secretary of State** c/o: Robert B. Evnen
via Email: sos.elect@nebraska.gov

**Nebraska Deputy Secretary of State for Elections** Wayne Bena c/o: Wayne Bena via Email: Wayne.Bena@Nebraska.gov

**Nebraska Assistant Deputy for Elections Andrew Buller** c/o: Andrew Buller via Email: andrew.buller@nebraska.gov

/s/ Abigail Lauters
Plaintiff Pro Se

/s/ Mary Leask
Plaintiff Pro Se

/s/ Philip Thomson
Plaintiff Pro Se

/s/ Anthony Lauters
Plaintiff Pro Se

/s/ Tre'Velle Ellis
Plaintiff Pro Se

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, ABIGAIL LAUTERS, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *Abigail Lauters*

Date: 9 - 13 - 24

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, MARY LEASK, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By: *Mary Leask*

Date: 9/13/2024

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, PHILLIP THOMPSON, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By :

Date: 9 | 13 | 24

**Verification pursuant to 28 U.S.C. § 1746**

The undersigned, ANTHONY LAUTERS, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By : Anthony Lauters

Date: 9 - 13 - 24

Verification pursuant to 28 U.S.C. § 1746

The undersigned, TRE'VELLE ELLIS, declares and verifies under penalty of perjury under the laws of the United States of America that the facts contained in the foregoing Verified Complaint are true and correct.

By : *Tre'Velle M Ellis*

Date: 9/14/24

54

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Abigail Lauters Et Al. | Nebraska Secretary of State, Nebraska Elections Division |

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Plaintiff Pro Se Abigail Lauters; 127 E 14th St. Hastings, NE 68901; 402-831-0387; Junea171987@gmail.com

Attorneys *(If Known)*
Attorney General Mike Hilgers
2115 State Capitol Lincoln, NE 68509

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [x] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| September 30, 2024 | /s/ Abigail Lauters   *Abigail Lauters* |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____