IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABIGAIL LAUTERS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> NEBRASKA SECRETARY OF STATE, Robert B. Evnen, in his official capacity, et al., <br><br> Defendants. | 4:24-CV-3175 <br><br> MEMORANDUM AND ORDER |

The plaintiffs were pledged electors for an independent candidate for President of the United States in the November 2024 election. They allege that the defendants, Nebraska state election officials, unconstitutionally excluded them from the 2024 general election ballot. This matter is before the Court on the defendants' motion to dismiss. Filing 12. The case will be dismissed as moot.

I. BACKGROUND

The facts of this case are largely detailed in the Court's earlier memorandum and order denying the plaintiffs' motion for a preliminary injunction. Filing 11. In sum, the plaintiffs seek relief for alleged violations of their constitutional rights after the defendants refused to place their pledged candidate on the November 2024 general election ballot. *See* filing 1 at 2. The defendants did not put the plaintiffs' candidate on the ballot because he is ineligible to serve as President of the United States. *See* filing 1 at 34.

The complaint asks the Court to permanently enjoin the defendants "from removing the Plaintiffs and the 5 Elector Candidates" from the

November 2024 general election ballot; direct the defendants to "certify all 5 Elector Candidates for the offices of independent Electors for President and Vice President of the United States on the November 5, 2024 general election ballot;" declare that the defendants do not "have statutory authority to create subject matter jurisdiction over federal unaffiliated presidential elector candidates;" and declare that the defendants cannot "seek to reject pledged candidates for President and Vice President." Filing 1 at 46-49.

The defendants argue that the plaintiffs' claims are moot because there is no longer a live controversy. The plaintiffs' claims all relate to the November 2024 election and what was on that general election ballot. At the time of the defendants' motion (and the plaintiff's complaint), the ballots had been printed and the election was well underway. Filing 13 at 7. The defendants assert that the plaintiffs' requests for relief are tied specifically to placement on the November 2024 election, that ballot cannot be changed, and this case is moot. Filing 13 at 9.

## II. DISCUSSION

Article III of the United States Constitution limits this Court's jurisdiction to "actual, ongoing cases or controversies." *See Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (quoting *SD Voice v. Noem*, 987 F.3d 1186, 1189 (8th Cir. 2021)). A case becomes moot, and subject to dismissal, when the issues presented are no longer live, or if the parties lack a legally cognizable interest in the outcome. *Noem v. Haaland*, 41 F.4th 1013, 1016 (8th Cir. 2022).

There is an exception to this rule, often applied when a party challenges an election law or election-based decisions. *See, e.g., Marshall v. Wisc. Elections Comm'n*, No. 24-2746, 2025 WL 869061, at *1 (7th Cir. Mar. 20, 2025). A case

that would otherwise be moot can be adjudicated if two criteria are met: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that *the same complaining party* will be subject to the same action again. *Whitfield*, 3 F.4th at 1047 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)); *see also FEC v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 463 (2007); *Ark. AFL-CIO v. FCC*, 11 F.3d 1430, 1436 (8th Cir. 1993). As the party invoking this exception, the plaintiffs bear the burden of demonstrating it applies. *Whitfield*, 3 F.4th at 1047.

The defendants assert, even if this case meets the first criteria, the plaintiffs have failed to meet their burden of showing that they will be subject to the same action again. Filing 13 at 9; *see Whitfield*, 3 F.4th at 1048. The Eighth Circuit has firmly held that parties invoking the capable-of-repetition-yet-evading-review exception must "demonstrate a reasonable expectation that [they] will be subject to the challenged laws again," even in a case about ballot access or elections. *Whitfield*, 3 F.4th at 1048. The Court of Appeals relied, in part, on the Supreme Court's holding that when a party "credibly claimed that it planned on" engaging in similar behavior, subject to the same challenged regulations, then there existed "a reasonable expectation that the same controversy involving the same party [would] recur." *Id.* (quoting *Wisc. Right to Life*, 551 U.S. at 463-64) (alteration in original); *accord Davis v. FEC*, 554 U.S. 724, 736 (2008).

The plaintiffs make no effort to argue or demonstrate a reasonable expectation that they will be subject to the challenged laws again. *See* filing 14 at 12-13. Rather, the plaintiffs insist that they are not required to do so. It's true that courts in other circuits have not uniformly enforced the second prong of the capable-of-repetition-yet-evading-review exception. *E.g., Marshall*, 2025

3

WL 869061, at *1; *Lupo v. Hargett*, No. 3:24-cv-1088, 2024 WL 4583524, at *3 (M.D. Tenn. Oct. 25, 2024) (case was not moot because there was "a reasonable expectation that these or other similarly situated elector candidates" could be subject to the challenged action); *but see Stop Reckless Econ. Instability Caused by Democrats v. FEC*, 814 F.3d 221, 229-31 (4th Cir. 2016). But this Court is bound to apply the precedent of *this* circuit. *E.g. Hood v. United States*, 342 F.3d 861, 864 (2003). The plaintiffs cannot avoid their "minor but important burden" of demonstrating a reasonable expectation that they will be subject to the same challenged actions again, even if that challenge relates to an election decision. *Raak Law v Gast*, 686 F. Supp. 3d 774, 780 (S.D. Iowa 2023); *see also Indep.-Alliance Party of Minn. v. Simon*, 646 F. Supp. 3d 1018, 1026 (D. Minn. 2022); *Stop Reckless Econ. Instability Caused by Democrats v. FEC*, 814 F.3d 221, 229-31 (4th Cir. 2016)

There is no indication that Dr. Shiva will run for president again. *See Ayyadurai v. N.J. Democratic State Comm.*, No. 24-342, slip. op. (U.S. Nov. 18, 2024), *denying cert. to* No. S-122 (N.J. Aug. 16, 2024). Nor have the plaintiffs presented any reason to expect that they will engage in "materially similar" behavior that will be subject to the same challenged conduct. *See Wisc. Right to Life*, 551 U.S. at 463.

This controversy is not live. "Time machines aside," to order the defendants to place the name of the plaintiffs' chosen candidate on the November 2024 ballot "would be the very definition of" ineffectual relief. *Noem*, 41 F.4th at 1016. Nor would the requested declaratory relief have any consequence on an election that ended several months ago. *See id.*; *Raak Law*, 686 F. Supp. 3d at 779. There's nothing the Court can do to redress the plaintiffs' alleged injury, and the plaintiffs have not demonstrated that they may be subject to the same challenged action again. This case is moot.

IT IS ORDERED:

1. The defendants' motion to (filing 12) is granted.

2. The plaintiff's complaint is dismissed without prejudice.

3. A separate judgment will be entered.

Dated this 28th day of May, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

5